IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodrick Blair,<br><br>                           Plaintiff,<br><br>v.<br><br>Harris Teeter; North Carolina Industrial Commission; Ace American Insurance Company; Bank of America; Wells Fargo Bank; Mehta and McConnell Injury Lawyers; Viral Vikram Mehta; Edward A. Sweeney; George Lee Martin; Terry Rogers; Leigh Lockleer; Alexandra Rose Hagerty; Alexandra Saldana; Sedgwick Claims Management Services; Taryn Mecia; Pope Ayland Sweeney and Santaniello, L.L.P,<br><br>                           Defendants. | C/A No. 3:24-cv-3126-JFA-PJG<br><br>**ORDER** |

      Plaintiff Rodrick Blair ("Plaintiff"), proceeding pro se, filed this civil action. The Complaint has been filed pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

      After performing an initial review of the complaint, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 9).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

Within the Report, the Magistrate Judge opines the Complaint fails to state a viable claim and is subject to summary dismissal. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 19, 2024. *Id.* The Magistrate Judge required Plaintiff to file objections by August 2, 2024. *Id.* Plaintiff failed to file any objections. Thereafter, the court adopted the Report which dismissed the case. (ECF No. 14). Plaintiff then filed a motion to reopen this matter citing his recent medical complications as the reason for his failure to file objections. The court then reopened the case and gave Plaintiff additional time to file objections. (ECF No. 18). However, Plaintiff failed to file objections and the time to do so has elapsed. Thus, this matter is once again ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior filings indicates that the Magistrate Judge correctly concluded that Plaintiff's

Complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 9). Consequently, this action is summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

November 14, 2024　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge